Judgment reversed and cause remanded at defendants' costs.

Mills, C. J., Parker and Crumpacker, JJ., concur; Leland, J., absent.

———

[No. 799.   August 29, 1899.]

TOWN OF ROSWELL, Appellant, v. F. DOMINICE, Appellee.

SYLLABUS BY THE COURT.

Street Improvements—Petition—Special Assessment—Validity.—A petition by the owners of at least one-half of the property fronting upon a street in a municipal corporation, is a jurisdictional prerequisite to the validity of a special assessment upon such abutting property for street grading and improvement.

*Appeal*, from a decree for defendant, from the Fifth Judicial District Court, Chavez County.   Affirmed.

The facts are stated in the opinion of the court.

G. A. Richardson for appellant.

The town of Roswell, as a municipal corporation, had full power and authority to levy and make a special assessment

on property within its borders for the improvement of its streets, for draining its lots and blocks, and grading and graveling its highways. Laws 1881, chap. 32, sec. 13; Laws 1893, chap. 78, sec. 3; Laws 1897, sec. 2415; Laws 1897, sec. 2488; Comp. Laws 1884, sec. 1635; 2 Dill. Munic. Corp., sec. 752; Laws 1897, sec. 2402, sub-secs. 76, 80, 81, 82; 10 Am. and Eng. Ency. Law, 279; Cooley on Tax. [2 Ed.] 616.

Property frontage is the proper basis for a special assessment, and the cost is not always borne by those only who are specially benefited. 10 Am. and Eng. Ency. Law, "Local Improvements;" Crawford v. People, 82 Ill. 557; Van Tassel v. Jersey City, 37 N. J. 128; Mix v. Shaw, 106 Ill. 425; White v. People, 94 Id. 604; Springfield v. Green, 120 Id. 269; Shaw v. Dennis, 5 Gil. (Ill.) 405; Petition of Lowden, 89 N. Y. 548; 10 Am. and Eng. Ency. Law, 206; Dickson v. Racine, 65 Wis. 306.

John Franklin for appellee.

Section 2488, Comp. Laws 1897, from which appellant claims to derive its power to levy the assessment, is unconstitutional and void. Cooley, Const. Lim. 55; 1 Dill. Munic. Corp., sec. 94; People v. Mayor, etc., 4 N. Y. 427; Keith v. Wilson, 44 N. E. Rep. (Ind.) 13; Morse v. Westport, 33 S. W. Rep. (Mo.) 182; Barnes v. Dyer, 56 Vt. 469; Rubber Co. v. Commissioners, etc., 9 Vr. (N. J. Law) 190; State v. Newark, 8 Id. 415; Stuart v. Palmer, 74 N. Y. 183. See, also, Bradley v. Fallbrook, Irr. Dist., 68 Fed. Rep. 948; Davidson v. New Orleans, 96 U. S. 104; Hagar v. Reclamation Dist., 111 Id. 711; 24 Am. and Eng. Ency. of Law 61; Thomas v. Gain, 35 Mich. 162.

No such petition having been presented to the board as is required by the Laws of 1891, asking for the passage of ordinance No. 54, the same is void. Zeigler v. Hopkins, 117 U. S. 683; 2 Dill. Munic. Corp., secs. 800, 801; Holland v. Baltimore, 11 Md. 186; Andrey v. Dallas, 35 S. W. Rep. 726;

Miller v. Amsterdam, 43 N. E. Rep. (N. Y.) 632; Keyser v. District of Columbia, 3 App. Dist. Col. 31.

Special benefit to the property in front of which the improvement is made is the only source of the power of municipal corporations to assess the costs of such improvements on such property. 2 Dill. Munic. Corp., secs. 752, 761, 934, 937; 24 Am. and Eng. Ency. of Law 65; Barnes v. Dyer, 56 Vt. 469; Hagar v. Reclamation Dist., supra; Davidson v. New Orleans, 96 U. S. 104; Dallas v. Emerson, 36 S. W. Rep. 304; State v. Brill, 59 N. W. Rep. 989; Baltimore v. Brick Co., 80 Md. 458; Sharp v. Spier, 4 Hill 82; Findlay v. Frey, 51 Ohio St. 390; Music Hall Ass'n v. Clemens, 12 Ind. App. 646; Wright v. Boston, 9 Cush. 232, 241.

PARKER, J.—This is an action brought by the town of Roswell against the appellee to collect a special tax levied by said town against the property of appellee as his share towards the expense of improving and grading certain streets in said town. The district court dismissed the complaint for the reason, among other things, that the tax assessed was without the petition of the owners of at least one-half of the property fronting on such improvement. Appellant assigns for error among other things this action of the court below.

The town of Roswell is incorporated under the general incorporation laws for towns and villages. Sub-section 82 of section 2402 of the Compiled Laws of 1897, applicable to all municipal corporations, provides:

"That the levying of assessments provided for by the two preceding sections (street improvements) shall be under a general ordinance prescribing the manner thereof and upon petition of owners of at least one-half of the property frontage of the block fronting on the improvement to be made, and be subjected to the provisions of section two thousand four hundred and fifteen     *     *     *"

Sec. 2415, Comp. Laws of 1897, provides:

"No street or highway shall be opened, straightened or widened, nor shall any other improvement be made which will require proceedings to condemn private property without the

concurrence in the ordinance or resolution directing the same of two-thirds of the whole number of the members elected to the council or board of trustees, and the concurrence of a like majority shall be required to direct any improvement or repair of a street or highway, the costs of which is to be assessed upon the owners unless two-thirds of the owners to be charged therefor shall petition in writing for the same."

In this case the board of trustees of the town of Roswell passed the ordinance levying the tax in question by a two-thirds vote, and counsel for appellant contend that section 2415 dispenses with any petition from the owners under such circumstances, but we do not so understand these statutes, sub-section 82 of section 2402 above quoted, after requiring a petition of at least one-half of the abutting owners, also further requires in accordance with section 2415, a concurrence of two-thirds of the whole number of members elected to the council or board of trustees, unless two-thirds of the abutting owners petition for the improvement, in which latter case a fair majority of the council or board of trustees, we understand, might legally pass the ordinance.

It appears from the record that no petition of the owners of any portion of the abutting property was made to the board of trustees of the town of Roswell for the improvement made by it, as required by the statute; and it simply remains to be determined what effect the same has upon the tax levy. "Municipalities having no inherent power in these cases (special assessments), it is necessary to the validity of their action that they keep closely to the authority conferred. Their ordinances and resolutions must be adopted in due form of law, and they must keep within them afterwards. They can bind taxpayers only in the mode prescribed and can substitute no other. Their legislative action, if properly taken, is conclusive of the property of the proposed improvement, and of the benefits that will result, if it covers the subject, but it will not conclude as to the preliminary conditions to any action at all, such for example,

*Street improvements: petition: special assessment: validity.*

as that there shall be in fact such street as they undertake to provide for the improvement of, or that the particular improvement shall be petitioned for or assented to by a majority or some other defined proportion of the parties concerned. This latter provision is justly regarded as of very great importance, and a failure to observe it will be fatal at any stage of the proceedings. * * *" Cooley on Taxation [2 Ed.], p. 656.

This principle seems to be universally recognized. 2 Dillon on Municipal Corporations [4 Ed.], sec. 800; 24 Am. and Eng. Ency. of Law, 54; Holland v. Moyor, etc., 11 Md. 186; Mulligan v. Smith, 59 Cal. 206; Seigler v. Hopkins, 117 U. S. 683; Keese v. Denver, 10 Col. 112; Miller v. City of Amsterdam, 43 N. E. Rep. (N. Y.) 632.

It is to be further noted that no question of estoppel arises in this case, appellee being a non-resident and no notice having come to him until he was requested to pay the tax after the improvement had been completed.

It follows that for want of the petition of abutting property owners, the assessment was void as to all such owners, at least as have not voluntarily paid the assessment.

In view of the foregoing conclusions, it becomes unnecessary to examine the other interesting and important questions raised by the remaining assignments of error, and discussed in briefs of counsel.

The judgment of the lower court will be affirmed with costs; and it is so ordered.

Mills, C. J., McFie and Crumpacker, JJ., concur; Leland, J., not sitting.